Filed 8/29/23  P. v. Pizano CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JUAN PIZANO,<br><br>        Defendant and Appellant. | A167378<br><br>(Sonoma County<br>Super. Ct. No.<br>SCR644461) |

Defendant Juan Pizano was originally charged with several felonies, including attempted murder.  However, pursuant to a negotiated disposition, defendant pleaded no contest to one count of first degree burglary and one count of shooting at an occupied vehicle and admitted certain enhancement allegations as to those counts.  In accordance with the plea agreement, the trial court dismissed the remaining counts and sentenced defendant to 18 years eight months in prison.  (*People v. Pizano* (May 31, 2017, A147589) [nonpub. opn.].)

In 2022, defendant filed a petition for resentencing under former Penal Code section 1170.95,[1] now section 1172.6.  The trial court denied the petition, concluding defendant failed to make a prima facie showing of

---

        [1] All further statutory references are to the Penal Code.

1

entitlement to relief because "as a matter of law . . . he was not convicted of any qualifying offense for which recall relief is available."

Pizano's appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), which established the procedural framework for appellate courts to follow when counsel finds no arguable issues in a section 1172.6 appeal. Under that framework, we gave defendant notice that he had a right to file a supplemental brief or his appeal could be dismissed. (See *Degadillo*, at pp. 231–232.) Defendant filed a supplemental brief, requiring us to issue an opinion evaluating the issues raised therein. (See *id.* at p. 232.)

Because the record indicates defendant is ineligible for relief under section 1172.6, we affirm the trial court's order denying the petition for resentencing.

## DISCUSSION

In his supplemental brief, defendant asserts he qualifies for relief under section 1172.6 because he was not the actual shooter.

"Effective January 1, 2019, Senate Bill [No.] 1437 amended murder liability under the felony-murder and natural and probable consequences theories. The bill redefined malice under section 188 to require that the principal acted with malice aforethought. Now, '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' (§ 188, subd. (a)(3).)" (*People v. Turner* (2020) 45 Cal.App.5th 428, 433; *People v. Gentile* (2020) 10 Cal.5th 830, 842, abrogated by statute on another ground as stated in *People v. Wilson* (2023) 14 Cal.5th 839, 869.) The bill also amended section 189 to provide that a defendant who was not the actual killer and did not have an intent to kill is not liable for felony murder unless the defendant "was a major participant in the underlying felony and acted with reckless

2

indifference to human life, as described in subdivision (d) of Section 190.2."
(§ 189, subd. (e); Stats. 2018, ch. 1015, § 1, subd. (f); *Gentile*, at pp. 842–843.)
In addition, Senate Bill No. 1437 "added section 1170.95 to provide a
procedure for those convicted of felony murder or murder under the natural
and probable consequences doctrine to seek relief" under sections 188 and
189. (*Gentile*, at p. 843.) The Legislature subsequently amended
section 1170.95 to include attempted murder and manslaughter and then
renumbered it as section 1172.6. (*Delgadillo, supra*, 14 Cal.5th at p. 223, fn.
3.)

"Under newly enacted section 1172.6, the process begins with the filing
of a petition containing a declaration that all requirements for eligibility are
met [citation], including that '[t]he petitioner could not presently be convicted
of murder or attempted murder because of changes to . . . [s]ection 188 or 189
made effective January 1, 2019,' the effective date of Senate Bill 1437
[citation]." (*People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).)

"When the trial court receives a petition containing the necessary
declaration and other required information, the court must evaluate the
petition 'to determine whether the petitioner has made a prima facie case for
relief.' [Citations.] If the petition and record in the case establish
conclusively that the defendant is ineligible for relief, the trial court may
dismiss the petition. [Citations.] If, instead, the defendant has made a
prima facie showing of entitlement to relief, 'the court shall issue an order to
show cause.' " (*Strong, supra*, 13 Cal.5th at p. 708.)

Defendant did not sustain a conviction that would qualify for relief
under section 1172.6. The plain, unambiguous language of section 1172.6
establishes it applies to convictions of murder, attempted murder, and
manslaughter. (See generally *People v. Lucero* (2019) 41 Cal.App.5th 370,

3

394–395 [discussing principles of statutory construction].) Defendant was convicted of burglary and shooting at an occupied vehicle. Section 1172.6 does not authorize resentencing for these convictions.

Defendant next asserts that had he "been convicted of attempted murder based on natural and probable consequences," he would "certainly be entitled to resentencing under section 1172.6," and it would be unfair to deny him that relief because he stands convicted of less culpable crimes. He therefore contends this violates his constitutional rights to equal protection. However, in performing an equal protection analysis, we must first discern whether there are two groups of individuals who are " ' "similarly situated with respect to the legitimate purpose of the law" ' " but are being treated differently. (*People v. Barrett* (2012) 54 Cal.4th 1081, 1107; see generally *People v. Chatman* (2018) 4 Cal.5th 277, 289 [in performing equal protection analysis, we first ask whether a classification affects similarly situated groups in an unequal manner].) Here, defendant is not similarly situated to individuals eligible for relief under section 1172.6 because he was not convicted of any of the crimes addressed in the statute. (*People v. Morales* (2019) 33 Cal.App.5th 800, 808 ["Generally, offenders who commit different crimes are not similarly situated" for equal protection purposes.].)

In any event, the Legislature's choice to include only murder, attempted murder, and manslaughter under section 1172.6 falls within its " 'line-drawing' authority as a rational choice that is not constitutionally prohibited." (*People v. Cervantes* (2020) 44 Cal.App.5th 884, 888.) Moreover, we note that, while in passing Senate Bill No. 775 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2), the Legislature amended what is now section 1172.6 to permit defendants convicted of attempted murder and manslaughter to seek the same relief afforded to those convicted of murder,

4

the Legislature declined to extend the reach of section 1172.6 to defendants convicted of crimes other than murder, attempted murder, and manslaughter. Lastly, to the extent defendant's contention that section 1172.6 operates unfairly is not based on equal protection, he has not articulated or established any other basis for relief.

A reviewing court need not engage in a full *Wende*[2] review on a challenge to an order denying postconviction relief under section 1172.6. (*Delgadillo, supra*, 14 Cal.5th at pp. 221–222.) Where, as here, a defendant has filed a supplemental brief, the reviewing court need only evaluate the specific arguments raised in the brief. (*Id.* at p. 232.) "The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Ibid.*) Having addressed the specific contentions raised in defendant's supplemental brief, our review is complete.

## DISPOSITION

The order dismissing defendant's petition for resentencing is AFFIRMED.

---

[2] *People v. Wende* (1979) 25 Cal.3d 436.

5

_____
Banke, J.

We concur:

_____
Humes, P.J.

_____
Margulies, J.

A167378, People v. Pizano